LINCOLN SAFE DEPOSIT & TRUST COMPANY v. CHARLES WESTON, AUDITOR OF PUBLIC ACCOUNTS.

FILED OCTOBER 20, 1904. No. 13,726.

Claim against State. A creditor of the state is not excused from presenting his claim to the auditor of public accounts for settlement and allowance within two years after its accrual by the fact that the legislature has not made an appropriation for its payment.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*W. E. Stewart,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, contra.*

AMES, C.

Section 22, article III of the constitution of this state, prescribes that "no money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued by the auditor thereon." Section 24 of article I of chapter 4 of the Compiled Statutes of 1901 provides for the payment of a bounty out of the state treasury to persons killing wolves in this state. Preliminary to such payment the statute requires that the person seeking it must make certain proofs before the clerk of the county in which the killing is alleged to have taken place, and that the county clerk, if satisfied with the truth and sufficiency of such proofs, shall make and deliver to the claimant a certificate to that effect, and that upon the presentation of such certificate to the auditor of public accounts the latter should draw his warrant for the amount named therein against the general funds in the state treasury. This statute was repealed by an act approved February 27, 1903 (Laws 1903, ch. 2). An act approved April 11, 1903 (Laws 1903, ch. 159), entitled, "An act making an appropriation for the payment of miscellaneous items of indebtedness owing by the state of Nebraska" contains the following lines: "Wolf bounty claims (estimated) $40,000." There had been no previous similar appropriation affecting the present controversy. Section 9 of article III of chapter 83 of the Compiled Statutes (Annotated Statutes, 9097) enacts that "in cases of claims, the adjustment and payment of which are not provided for by law, no warrant shall be drawn by the auditor, or countersigned or paid by the state treasurer, but all such claims shall be reported to the next legislative assembly, with such recommendation as the auditor may deem just"; and section 6 of the same article (Annotated Statutes, 9094) requires that "all persons having claims against the state shall exhibit the same, with evidence in support thereof, to the auditor, to be audited, settled and allowed within two years after such claims shall accrue."

Reading these two sections together, there seems to be but little, if any, room for doubt that the absence of an appropriation for the payment of a valid claim against the state does not excuse the claimant from presenting it to the auditor for settlement and allowance within the two years prescribed by the statute. In case of such absence, if the auditor deems the claim just and lawful, it is made his duty to report that fact to the legislature, and withhold his warrant until that body has provided funds for its payment. In such a case the legislature is the final court of appeal, although an intermediate or, rather, collateral appeal may be prosecuted in the courts. The plaintiff is the assignee for value of a large number of claims of the description mentioned aggregating in amount $288. Each of them has been duly proved before the county clerk of the county in which it arose, and the statutory certificates were filed with the auditor of state for allowance and payment, but a number of them aggregating $160, not until after the lapse of more than two years from their respective dates. These latter the auditor rejected, and an appeal was taken to the district court. The foregoing facts were disclosed on the face of the petition, to which a general demurrer was sustained, and the action was dismissed. The plaintiff prosecutes error.

We have already given, in substance, our reasons for thinking there is no error. The claims certainly did not "accrue"—that is, become established as lawful demands against the state—later than at the date at which lawful proof of them was made before the county clerk, and the latter issued certificates to that effect. We cannot think that the delay of the legislature to make provision for the payment of such demands operated in any manner to the prejudice of the claimant's rights as a creditor entitled to immediate payment. Nor can it be doubted that a creditor having an admitted or duly established demand, and so entitled, has an accrued claim which the statute requires him to present to the auditor for settlement and allowance within two years under penalty of being barred.

The appropriation act, above quoted, does not purport to remove the bar, but makes provision for the payment of existing claims, and cannot be regarded as applying to such as had already become extinguished by the statute of limitations. We therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.